While I concur in the holding, I do not join in the obiterdictum to the effect that an arbitrator's exoneration of the agent, reduced to judgment, if the arbitrator so rule, will exonerate the non-arbitrating *Page 815 
principal. If we are going to issue such obiter dictum, why should we not include also that an arbitrator's finding the agent liable, reduced to judgment, will bind the non-arbitrating principal if the agency is not in dispute and the principal is in privity with the agent? Likewise, why should we not include that, if the plaintiff prevails against the principal on the theory of respondeat superior
in a court trial before the arbitration occurs, then the agent will be bound in the arbitration by the already adjudicated finding that the agent committed the tort against the plaintiff, if the arbitrator finds the agent in privity with the principal?
In fact, these cases where either the principal or agent goes to arbitration and the other goes to trial will present a number of combinations and permutations depending on the parties to the respective proceedings, the sequence of the proceedings (trial first or arbitration first), and the result of the first proceeding. At a minimum, the principal or the agent will win or lose in a trial or an arbitration before the succeeding arbitration or trial. Sometimes the principal or agent will lose only to some limited extent (like $100), which the other will want to invoke against the plaintiff.
In most cases where agency is undisputed and the plaintiff's claim against the principal is limited to the theory of respondeatsuperior, the principal and the agent will be in privity. The issues will be the same, the interests will be the same, the legal representation for each will be the same (or allied hand in glove), and the opposing party will be the same.
Before we begin deciding against whom collateral estoppel orres judicata will operate and against whom not, we should consider all the ramifications and decide whether either should operate between these two radically different types of judgments. Many defendants have lost faith in the court trial system, and many plaintiffs have lost faith (or never acquired it) in the arbitration system. Before we embark on any of these decisions, we should await cases which present these issues, and briefs and arguments which elucidate them. Our prejudging these collateral estoppel and res judicata issues by way of obiter dictum is a mistake.